ORIGINAL



No. 22-cv-03853 (RPK)(TAM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARIO CAGGIANO,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,
CITY OF NEW YORK, CARMEN AMADOR, Principal
of Herbert S. Eisenberg Middle School, in her official and
individual capacity; AUDREY HOUSTON, Assistant
Principal of Herbert S. Eisenberg Middle School, in her
official and individual capacity; EVAN RABINOWITZ
Assistant Principal of Herbert S. Eisenberg Middle
School, in his official and individual capacity,

Defendants.

---

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

---

**MARIO CAGGIANO**
*(PRO SE)*

1384 82nd Street
Brooklyn, NY 11228
(917) 854-0698
mariocag303@yahoo.com

Served March 3, 2023

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ...................................................................................... 1

STATEMENT OF FACTS .............................................................................................. 2

ARGUMENT .................................................................................................................. 4

    POINT I ......................................................................................................................... 5

A NOTICE OF CLAIM IS NOT REQUIRED FOR FEDERAL CLAIMS
AND FOR CLAIMS AGAINST PRINCIPAL AND ASSISTANT
PRINCIPALS ................................................................................................................ 5

    POINT II ........................................................................................................................ 6

PLAINTIFF HAS PLED ADEQUATE TIMELY CLAIMS AGAINST
NYCDOE ...................................................................................................................... 6

    POINT III ....................................................................................................................... 8

PLAINTIFF'S SHRL AND CHRL CLAIMS ARE NOT BARRED BY THE
ELECTION OF REMEDIES DOCTRINE. ................................................................... 8

    POINT IV ...................................................................................................................... 8

THE INDIVIDUAL DEFENDANTS NAMED HEREIN ARE LIABLE
UNDER THE SHRL, CHRL AND § 1983 ................................................................... 8

    POINT V ........................................................................................................................ 8

PLAINTIFF HAS PLED VALID FIRST AMENDMENT CLAIMS .............................. 8

        A.   Plaintiff's speech was protected by the First Amendment .............................. 9

        B.   Plaintiff Has Adequately Pled Adverse Actions Suffered as a
Result of his Protected Speech ..................................................................................... 12

        C.   Plaintiff has alleged a causal connection between his speech and
adverse actions .............................................................................................................. 14

    POINT VI ...................................................................................................................... 17

PLAINTIFF HAS PLED VALID AGE HOSTILE WORK ENVIRONMENT
CLAIMS ........................................................................................................................ 17

CONCLUSION ............................................................................................................... 18

i

## TABLE OF AUTHORITIES

**Cases**

*Buckley v. New York,*
959 F. Supp. 2d 282 (E.D.N.Y. 2013) ................................................................. 11

*Burkybile v. Bd. of Educ.,*
411 F.3d 306, 314 (2d Cir. 2005) ....................................................................... 14

*Butts v NY City Dept. of Educ.,*
2018 U.S. Dist. LEXIS 170195 (E.D.N.Y.  Sep. 28, 2018, No. 16-CV-5504
(NGG) (RML)) ............................................................................................. 13, 14

*Cioffi v. Averill Park Cent. Sch. Dist.  Bd. of Educ.,*
444 F.3d 158 (2d Cir. 2006) ............................................................................... 10

*Clue v. Johnson,*
179 F.3d 57 (2d Cir. 1999) ................................................................................. 11

*Cobb v. Pozzi,*
363 F.3d 89 (2d Cir. 2004) ................................................................................. 14

*Collins v. City of New York,*
156 F.Supp.3d 448 (S.D.N.Y. 2016) ................................................................... 5

*Davis-Garett v. Urban Outfitters, Inc.,*
921 F.3d 30 (2d Cir. 2019) ................................................................................... 7

*Donovan v. Inc. Village of Malverne,*
547 F. Supp. 2d 210 (E.D.N.Y. 2008) ............................................................... 11

*Faber v. Metro Life Insurance Company,*
648 F.3d 98 (2d Cir. 2011) ................................................................................... 4

*Feingold v. New York,*
366 F.3d 138 (2d Cir. 2004) ............................................................................... 18

*Franchitti v Cognizant Tech. Solutions Corp.,*
No. 21-CV-2174 (JMF), 2022 U.S. Dist.  LEXIS 120977 (S.D.N.Y. July 8,
2022) ..................................................................................................................... 7

*Garcia v. Hartford Police Dep't,*
706 F.3d 120 (2d Cir. 2013) ................................................................................. 9

*Giscombe v. N.Y.C. Dep't of Educ.,*
39 F. Supp. 3d 396 (S.D.N.Y. 2014) .................................................................. 17

*Grant v. Bethlehem Steel Corp.,*
622 F.2d 43 (2d Cir. 1980) ................................................................................. 14

*Greene v. Avoca Cent. Sch. Dist. ,*
2007 NY Slip Op 52117(U), 17 Misc. 3d 1122(a), 1122(A) (Sup. Ct. Steuben
Co. 2007) ............................................................................................................... 6

ii

*Hausdorf v. NYCDOE*,
  2018 U.S. Dist. LEXIS 13330 (S.D.N.Y. Jan. 25, 2018) .......................................................... 2

*Hollander v. American Cyanamid Co.*,
  895 F.2d 80 (2d Cir. 1990) ........................................................................................................ 14

*Hutter v. City of New York*, No. 18-CV-6421 (NGG) (SJB),
  2020 WL 1332152 (E.D.N.Y. Mar. 23, 2020). ........................................................................ 10

*Jackler v. Byrne*,
  658 F.3d 225 (2d Cir. 2011) ...................................................................................................... 12

*Jackson v City of NY*,
  2015 U.S. Dist. LEXIS 131720 (S.D.N.Y. Aug. 13, 2015, No. 14-CV-5755
  (GBD) (KNF)) ............................................................................................................................ 12

*Jaffier v. City of New York*,
  148 A.D.3d 1021 (2d Dept. 2017) ............................................................................................... 5

*Jordan v. City of New York*,
  41 A.D.3d 658 (2d Dept. 2007) ................................................................................................... 6

*Lane v. Franks*,
  573 U.S. 228, 134 S. Ct. 2369 (2014) ....................................................................................... 10

*Langella v. Mahopac Cent. Sch. Dist.*,
  No. 18-cv-10023 (NSR), 2020 U.S. Dist. LEXIS 95588 (S.D.N.Y. May 31,
  2020) ............................................................................................................................................. 7

*Lawson v. New York City Bd. of Educ.*,
  No. 09 CIV. 1335(JSR)(HBP), 2011 U.S. Dist. LEXIS 127789, 2011 WL
  5346091, (S.D.N.Y. Aug. 30, 2011), *report and recommendation adopted*, No.
  09 CIV. 1335 (JSR)(HBP), 2011 U.S. Dist. LEXIS 127676, 2011 WL 5346090
  (S.D.N.Y. Nov. 4, 2011) .............................................................................................................. 5

*Lewis v. Cowen*,
  165 F.3d 154 (2d Cir. 1999) ...................................................................................................... 10

*Littlejohn v City of NY*,
  795 F.3d 297 (2d Cir. 2015) ........................................................................................................ 5

*Lynch v Ackley*,
  2014 U.S. Dist. LEXIS 134274 (D. Conn. Sep. 24, 2014, No. 3:12-CV-537
  (MPS)) ........................................................................................................................................ 11

*Maiurano v. Cantor Fitzgerald Sec.*,
  No. 19-CV-10042, 2021 U.S. Dist. LEXIS 3762, 2021 WL 76410 (S.D.N.Y.
  Jan. 8, 2021) .............................................................................................................................. 17

*Matthews v. City of New York*,
  779 F.3d 167 (2d Cir. 2015) .................................................................................................. 9, 11

*McHenry v. Fox News Network, LLC*,
  510 F. Supp. 3d 51 (S.D.N.Y. 2020) ........................................................................................ 17

*Mendell v. Salamanca Hous. Auth.*,
  12 A.D.3d 1023 (4th Dept. 2004) ............................................................................... 6

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
  715 F.3d 102 (2d Cir. 2013) ...................................................................................... 18

*Modica v. N.Y.C. Dep't of Educ. et al.*,
  No. 20-CV-4834 (JMF), 2021 U.S. Dist. LEXIS 146041 (S.D.N.Y. Aug. 4,
  2021) ............................................................................................................................... 2

*Monell v. Dep't of Soc. Servs.*,
  436 U.S. 658 (1978) .................................................................................................... 17

*Montero v. City of Yonkers*,
  890 F.3d 386 (2d Cir. 2018) ........................................................................................ 9

*Mtr. of Hinton v. New Paltz Cent. School Dist.*,
  50 A.D.3d 1414 (3d Dept. 2008) ................................................................................. 6

*Munafo v Metro. Transp. Auth.*,
  2003 U.S. Dist. LEXIS 13495 (E.D.N.Y. Jan. 22, 2003, Nos. 98 CV-4572
  (ERK), 00-CV-0134) .................................................................................................. 10

*Munafo v. Metro. Transp. Auth.*,
  285 F.3d 201 (2d Cir. 2002) ...................................................................................... 12

*Murray v. NYC Board of Education*,
  No. 15-cv-03191(RRM) (ST) (E.D.N.Y. March 21, 2019); ..................................... 2

*Nat'l R.R. Passenger Corp. v. Morgan*,
  536 U.S. 101 (2002) ...................................................................................................... 7

*Neubecker v State Univ. of NY*,
  387 F. Supp 3d 302 (W.D.N.Y. 2019) ....................................................................... 14

*Nielsen v. Rabin*,
  746 F.3d 58 (2d Cir. 2014) .......................................................................................... 2

*Novak v Bd. of Educ.*,
  2007 U.S. Dist. LEXIS 17921, (N.D.N.Y. Mar. 14, 2007, No. 5:05-CV-199
  (FJS/GJD)) .................................................................................................................. 11

*Pekowsky v. Yonkers Bd. of Educ.*,
  23 F. Supp. 3d 269 (S.D.N.Y. 2014) ........................................................................... 9

*Pickering v. Bd. of Educ.*,
  391 U.S. 563, 88 S. Ct. 1731 (1968) .......................................................................... 11

*Portelos v. City of N.Y.*,
  No. 12-CV-3141 (LDH) (VMS), 2016 U.S. Dist. LEXIS 200752 (E.D.N.Y.
  Aug. 13, 2016) ............................................................................................................ 17

*Rivera Jimenez v. Pierluisi*,
  362 F.3d 87 (1st Cir. 2004) ........................................................................................ 13

*Rivera v. N.Y.C. Dep't of Educ.,*
No. 21-CV-6134 (ENV) (TAM), 2023 U.S. Dist. LEXIS 18808 (E.D.N.Y. Feb. 3, 2023)................................................................................................................. 12, 13

*Rivers v. N.Y.C. Hous. Auth.,*
176 F. Supp. 3d 229 (E.D.N.Y. 2016) .................................................................... 13

*Ross v. Breslin,*
693 F.3d 300 (2d Cir. 2012)................................................................................... 11

*Schneider v. Wal-Mart Stores, Inc.,*
No. 16-cv-2010 (NSR), 2019 U.S. Dist. LEXIS 10903, 2019 WL 294309 (S.D.N.Y. Jan. 23, 2019) .......................................................................................... 7

*Singer v. Ferro,*
711 F.3d 334 (2d Cir. 2013)..................................................................................... 9

*Smith v. Cry, of Suffolk,*
776 F.3d 114 (2d Cir. 2015)................................................................................... 14

*Sousa v. Roque,*
578 F.3d 164 (2d Cir. 2009)................................................................................... 10

*Spencer v. City of N.Y.,*
2011 U.S. Dist. LEXIS 160102 (S.D.N.Y. Mar. 14, 2011).................................. 10

*Walsh v Scarsdale Union Free Sch. Dist. ,*
375 F. Supp. 3d 467 (S.D.N.Y. 2019) .................................................................... 6

*Weintraub v. Bd. of Educ. Of City Sch. Dist. Of City of N.Y.,*
593 F.3d 196 (2d Cir. 2010)................................................................................ 9, 11

*White v. Roosevelt Union Free School Dist.rict,*
2017 U.S. Dist. LEXIS 210480 (E.D.N.Y. Dec. 20, 2017)..................................... 2

*Wrobel v. Cry, of Erie,*
692 F.3d 22 (2d Cir. 2012)..................................................................................... 13

*Zagerson v. N.Y.C. Dep't of Educ.,*
Civil No. 20 Civ. 11055 (KPF), (S.D.N.Y. Jan. 31, 2022) .................................... 2

*Zelnik v. Fashion Inst, of Tech.,*
464 F.3d 217 (2d Cir. 2006)................................................................................... 13

**Statutes**

42 U.S.C. Section 1983............................................................................................ 1

N.Y. Educ. Law § 2(13) ........................................................................................... 5

N.Y. Educ. Law § 3813(1) .................................................................................... 5, 6

N.Y. Educ. Law § 3813(2) ....................................................................................... 5

N.Y. Exec. Law. § 296(6) ...................................................................................... 17

v

**Rules**

Fed. R. Civ. P. 12(b)(6)..................................................................................................................... 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

MARIO CAGGIANO,

                                  Plaintiff,

                    -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, CITY OF NEW YORK, CARMEN
AMADOR, Principal of Herbert S. Eisenberg
Middle School, in her official and individual
capacity; AUDREY HOUSTON, Assistant
Principal of Herbert S. Eisenberg Middle School, in
her official and individual capacity; EVAN
RABINOWITZ Assistant Principal of Herbert S.
Eisenberg Middle School, in his official and
individual capacity,

                              Defendants.

-------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

**22-cv-03853 (RPK)(TAM)**

## PRELIMINARY STATEMENT

Plaintiff *pro se*[1] MARIO CAGGIANO ("Plaintiff" or "Mr. Caggiano") respectfully submits this memorandum of law in opposition to Defendants' motion to dismiss the Complaint in this action. I commenced this action based on Defendants' violations of 42 U.S.C. Section 1983 based on retaliation for my First Amendment protected speech for my union activities as a United Federation of Teachers ("UFT") Chapter Leader while employed as a teacher for the New York City Department of Education ("NYCDOE") at Herbert S. Eisenberg Middle School. I also have alleged age discrimination in violation of the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

---

[1] I received legal assistance to draft my opposition.

1

Defendants' motion reaches far beyond what is appropriate for a motion to dismiss, and courts have routinely denied motions of this type against teachers at this early stage of litigation. *See Hausdorf v. NYCDOE*, 2018 U.S. Dist. LEXIS 13330 (S.D.N.Y. Jan. 25, 2018); *White v. Roosevelt Union Free School District*, 2017 U.S. Dist. LEXIS 210480 (E.D.N.Y. Dec. 20, 2017); *Murray v. NYC Board of Education,* No. 15-cv-03191(RRM) (ST) (E.D.N.Y. March 21, 2019); *Modica v. N.Y.C. Dep't of Educ. et al.*, No. 20-CV-4834 (JMF), 2021 U.S. Dist. LEXIS 146041 (S.D.N.Y. Aug. 4, 2021); *Zagerson v. N.Y.C. Dep't of Educ.*, Civil No. 20 Civ. 11055 (KPF), (S.D.N.Y. Jan. 31, 2022). Therefore, Defendants' motions to dismiss the complaint should be denied, and this matter should be continued for pretrial discovery and an eventual trial.

Alternatively, if the Court is inclined to find that more factual detail is necessary, I respectfully request leave to file an amended complaint to address any deficiencies identified by the Court. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014).

## **STATEMENT OF FACTS**[2]

I have been a teacher within Defendant NYCDOE since September of 1996. *Compl.* ¶ 12. Beginning in 2015, I was elected UFT union chapter leader for the School. *Id.* ¶ 14. While employed at the School from 2015 to 2019, I consistently received "Effective" ratings and letters of recommendation from my administration, including Principal Amador. *Id.* ¶ 18

**Retaliation Due to Union Activity**

Beginning in 2019 and continuing up and until 2022, I became very outspoken in my duties as union Chapter leader, reporting, among other things, irregular staffing situations, student

---

[2] I respectfully refer the Court to my Complaint for a full recitation of the relevant facts and allegations. For the purposes of responding to Defendants' motion to dismiss, however, I have provided a recitation of certain specific facts and allegations.

Individualized Education Plan ("IEP") noncompliance, mismanagement of the school, health and safety violations, and even miscalculation of payments owed to teachers for additional coverages assigned to them during remote instruction during the COVID-19 pandemic. On one such occasion, I even brought my concerns regarding improper payment for class coverages directly to Isabel DiMola, Superintendent of District 21, in which the School is located. *Id.* ¶¶ 19, 28, 29, 31, 34, 35, 37, 44, 45.

On December 4, 2021, less than two years after I became outspoken in my role as union chapter leader at the School, Principal Amador informed me that I was being reassigned from my duties at the School and was to report to 100 Gold Street in Manhattan. *Id.* ¶¶ 20-21. Following this notice, I filed a NYCDOE FOIL request in or about January 2022, and on March 21, 2022, the NYCDOE FOIL office provided me a letter indicating that from September 2021-present, I had been the subject of seven (7) Office of Special Investigation ("OSI") investigative cases initiated by my school administration against me. *Id.* ¶¶ 22-23, 30, 32-33, 38-40. Upon comparison of the information provided to me by my UFT Representatives, I noticed that the dates I made operational complaints or filed grievances with my union against the administration closely coincided with the dates OSI investigations the school administrators, including Principal Amador and her Assistant Principals, launched against me. *Id.* ¶¶ 25-27. I also received poor ratings and was denied my teaching preferences for the first time. *Id.* ¶ 30.

Furthermore, on June 13, 2022, I found out that I was not selected to work summer school. I am the most senior Physical Education teacher within I.S. 303 and I have never previously been denied the opportunity to work summer school. *Id.* ¶ 42. In addition to the poor performance ratings, disciplinary letters to file, and reassignment out of the school, during the time that I was

vocal in my duties as union chapter leader, Principal Amador made a number of comments demonstrating her anti-union animus. *Id.* ¶ 43, 46-47.

**Discrimination on the Basis of Age**

I also noticed that I was treated less well than Mr. Egzon Gjonbalaj, a younger long-term substitute teacher who often covered physical education classes within the School. *Id.* ¶¶ 48, 50-51. I believe that not only has Mr. Gjonbalaj been treated better than myself but I also believe that the discriminatory and retaliatory treatment I experienced in the form of poor ratings, disciplinary letters to file, and frivolous disciplinary investigations which ultimately led to my removal from the school was done in an attempt to replace me with a younger, less senior teacher. *Id.* ¶ 52.

To date, I am still reassigned from the School. *Id.* ¶ 53. Moreover, since my reassignment, as a result of the retaliatory and discriminatorily motivated poor ratings, investigations, and disciplinary letters I have been subjected to, I am unable to work the CHAMPS after-school program, as well as any other per-session opportunities. *Id.* ¶ 54. Finally, in addition to the financial damage resulting from Defendants' retaliatory and discriminatory conduct, I have also suffered damage to my professional career and reputation as a result of being removed from my position at the School. *Id.* ¶ 55.

<u>**ARGUMENT**</u>

Defendants have raised various arguments seeking to dismiss the causes of action I alleged under federal and state law. I ask the Court to construe the complaint liberally as a *pro se* litigant in this action. When considering a motion to dismiss under Rule 12(b)(6), a District court must "draw all reasonable inferences in plaintiff's favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro Life Insurance Company*, 648 F.3d 98, 104 (2d Cir. 2011). A plaintiff has a "minimal burden" at

this stage; they must only allege facts that provide "at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn v City of NY*, 795 F.3d 297, 311 (2d Cir. 2015).

## POINT I

### A NOTICE OF CLAIM IS NOT REQUIRED FOR FEDERAL CLAIMS AND FOR CLAIMS AGAINST PRINCIPAL AND ASSISTANT PRINCIPALS

New York Education Law § 3813(1) requires the filing of a notice of claim before commencement of a civil action against a Board of Education under state law. Such notices of claim are necessary when bringing actions pursuant to the NYSHRL, but have no bearing on my federal claims. *See Collins v. City of New York,* 156 F.Supp.3d 448, 460 (S.D.N.Y. 2016).

In addition, notices of claim are not necessary to be filed against individual defendants such as Principal Amador, AP Houston and AP Rabinowitz. *See id.* While Superintendents qualify as officers upon whom a notice of claim must be filed, it is well-settled that principals and assistant principals do not. N.Y. Educ. Law § 2(13); *Lawson v. New York City Bd. of Educ.,* No. 09 CIV. 1335(JSR)(HBP), 2011 U.S. Dist. LEXIS 127789, 2011 WL 5346091, at *20 (S.D.N.Y. Aug. 30, 2011) ("[I]t is clear that a principal is not an officer of a board of education."), *report and recommendation adopted*, No. 09 CIV. 1335 (JSR)(HBP), 2011 U.S. Dist. LEXIS 127676, 2011 WL 5346090 (S.D.N.Y. Nov. 4, 2011). The statutory text of N.Y. Educ. Law § 3813(2) indicates that administrators, teachers, and other school employees are not included within the scope of § 3813(1). *Id.*

Furthermore, when an individual has demonstrated that a municipality acquired timely knowledge of the essential facts of a claim, this establishes a lack of prejudice to the municipality. *Jaffier v. City of New York,* 148 A.D.3d 1021, 1022 (2d Dept. 2017); *Jordan v. City*

*of New York,* 41 A.D.3d 658, 660 (2d Dept. 2007). When a plaintiff submits a charge of discrimination to an administrative body within the statutory time period and sufficiently informs the municipality or school District of the claim, the charge has been held to satisfy the notice of claim requirement. *See Mendell v. Salamanca Hous. Auth.*, 12 A.D.3d 1023, 1024 (4th Dept. 2004); *Mtr. of Hinton v. New Paltz Cent. School Dist.*, 50 A.D.3d 1414 (3d Dept. 2008); *Greene v. Avoca Cent. Sch. Dist.*, 2007 NY Slip Op 52117(U), 17 Misc. 3d 1122(a), 1122(A) (Sup. Ct. Steuben Co. 2007); *see also Walsh v Scarsdale Union Free Sch. Dist.*, 375 F. Supp. 3d 467, 481 (S.D.N.Y. 2019) (finding that the plain language of § 3813 does not require a formal notice of claim and Plaintiff complied with the § 3813(1) notice requirement by filing a timely EEOC charge).

Here, I did in fact file a charge of discrimination with the New York State Division of Human Rights ("SDHR") on June 23, 2022, outlining my allegations of discrimination, which were presented to the NYCDOE. The same day, on June 23, 2022 a copy of the complaint was emailed to the School's administrators on my behalf. NYCDOE legal counsel also notified Principal Amador in September 2022 that I filed a complaint. As such, Defendants had ample notice of my discrimination and retaliation claims. Therefore, the lack of a notice of claim filing here should not bar my claims against any Defendants.

### POINT II
### PLAINTIFF HAS PLED ADEQUATE TIMELY CLAIMS AGAINST NYCDOE

First, it should be noted that Defendants do not dispute that my federal claims against NYCDOE and my state and city claims against individual Defendants are timely. Second, Defendants only dispute that my SHRL and CHRL claims against NYCDOE prior to September 6, 2021 would be time-barred (Def. Mem. at 6). Although the Second Circuit has yet to decide the

issue, numerous courts in this Circuit have determined that the filing of an EEOC charge generally tolls the statute of limitations on related NYSHRL claims. *See Schneider v. Wal-Mart Stores, Inc.,* No. 16-cv-2010 (NSR), 2019 U.S. Dist. LEXIS 10903, 2019 WL 294309, at *3 (S.D.N.Y. Jan. 23, 2019) (collecting cases); *Langella v. Mahopac Cent. Sch. Dist. ,* No. 18-cv-10023 (NSR), 2020 U.S. Dist. LEXIS 95588, at *41 (S.D.N.Y. May 31, 2020). *Franchitti v Cognizant Tech. Solutions Corp.*, No. 21-CV-2174 (JMF), 2022 U.S. Dist. LEXIS 120977, at *26 (S.D.N.Y. July 8, 2022) (finding that "the overwhelming weight of authority within the Circuit holds that the filing of a charge with the EEOC tolls the statute of limitations for any related claims under the NYSHRL").

Consistent with the clear trend in this Circuit, the filing of my EEOC/SDHR charge on June 23, 2022 tolled my NYSHRL claims. Accordingly, any adverse actions against me from NYCDOE occurring one year before—i.e., after June 23, 2021--are timely. The complaint pled timely adverse actions against me after June 23, 2021 including being subject to numerous unfair investigations, unwarranted disciplinary letter to file, reassignment from my duties for more than a year (since December 2021), loss of summer school work and loss of per session opportunities. In any event, adverse actions that occurred before June 23, 2021 provide relevant background evidence to my timely claims. *See Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 42 (2d Cir. 2019) (noting that "even with respect to a claim of discrete discriminatory or retaliatory acts, expiration of limitations period does not bar 'an employee from using the prior acts as background evidence in support of a timely claim") (quoting *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113–14, 122 S. Ct. 2061, 153 L.Ed.2d 106, at 113 (2002)).

## POINT III

### PLAINTIFF'S SHRL AND CHRL CLAIMS ARE NOT BARRED BY THE ELECTION OF REMEDIES DOCTRINE.

Defendants claim that "[b]ecause Plaintiff previously filed an administrative complaint with the SDHR, Plaintiff elected an administrative remedy and is precluded from re-litigating his SHRL and CHRL claims in this forum." (Def. Mem. at 8). However, this is untrue. My claims have not been adjudicated by the SDHR. Defendants were notified I was proceeding with my claims to Federal Court, and Defendants apparently chose to not file a Position Statement or response to my SDHR complaint. In addition, I am in the process of having the SDHR complaint dismissed, and already have received a notice to that effect. *See* attached.

## POINT IV

### THE INDIVIDUAL DEFENDANTS NAMED HEREIN ARE LIABLE UNDER THE SHRL, CHRL AND § 1983

At the outset, it should be noted that Defendants do not dispute that I have alleged substantive allegations against individual Defendants Amador and Houston. Rather, Defendants claim that I allegedly failed to state a claim against Defendant Rabinowitz (Def. Mem. at 9). However, Defendant Rabinowitz was the Assistant Principal of the school. As such, he was part of the school administration and the Complaint pleaded that, in this role, he participated in initiating OSI investigations against me and therefore had personal involvement in the matter (*Compl.* ¶¶ 23, 27, 30, 33, 38).

## POINT V

### PLAINTIFF HAS PLED VALID FIRST AMENDMENT CLAIMS

To establish a First Amendment retaliation claim, a public employee must show that he (1) is engaged in protected First Amendment activity, (2) suffered an adverse employment action, and

8

that (3) the protected activity was "at least a substantial or motivating factor in the adverse employment action." *Pekowsky v. Yonkers Bd. of Educ.*, 23 F. Supp. 3d 269, 276 (S.D.N.Y. 2014), citing *Garcia v. Hartford Police Dep't,* 706 F.3d 120, 130 (2d Cir. 2013) (citation omitted).

## A. Plaintiff's speech was protected by the First Amendment

To determine whether a plaintiff's speech is protected, the Court must first determine whether the subject of his speech was (1) a matter of public concern, and if so, (2) whether he spoke as a private citizen or as a public employee. *See Matthews v. City of New York*, 779 F.3d 167, 172 (2d Cir. 2015). Matters of public concern are those that relate to "any matter of political, social, or other concerns to the community." *See Pekowsky*, 23 F. Supp. at 276-77 (citing *Singer v. Ferro*, 711 F.3d 334, 339 (2d Cir. 2013)). Whether Plaintiff was speaking as a public employee and not a private citizen is a "practical" inquiry. *Weintraub v. Bd. of Educ. Of City Sch. Dist. Of City of N.Y.*, 593 F.3d 196, 202 (2d Cir. 2010).

Defendants contend that my speech is not protected by the First Amendment since "[a]ll of [my] various roles [i.e. being a physical education teacher, and my role in CHAMPS after school program, the Kiwanis Builders club and the NYPD Explorers program at the school] suggests Plaintiff's personal motivations, and also demonstrates the specialized knowledge he likely possessed concerning staff/faculty issues and school management." (Def. Mem. at 10). Defendants also argue that my speech would not be a matter of public concern because my grievances "concerned various issues of which [I] had a strong personal interest" (Def. Mem. at 12). This is incorrect.

First, the mere fact that a citizen's speech concerns information acquired by virtue of his public employment does not transform that speech into employee—rather than citizen—speech. *Montero v. City of Yonkers*, 890 F.3d 386, 395-96 (2d Cir. 2018) (quoting *Lane v. Franks*, 573

U.S. 228, 134 S. Ct. 2369 (2014)). What matters is not whether the speech was related to the employee's official duties, but rather whether it was pursuant to [his] official duties; if it was, the employee was speaking as an employee, not a citizen. *Id.* at 398. *See also Hutter v. City of New York*, No. 18-CV-6421 (NGG) (SJB), 2020 WL 1332152, at *3 (E.D.N.Y. Mar. 23, 2020). As such, Defendants' contention that I may have "specialized knowledge [...] concerning staff/faculty issues and school management" (Def. Mem. at 10) is irrelevant.

Second, my complaints were neither personal in nature nor related to my own situation exclusively. *See Sousa v. Roque*, 578 F.3d 164, 171 (2d Cir. 2009) (citing *Lewis v. Cowen*, 165 F.3d 154 (2d Cir. 1999)) (holding that "the court should focus. on the motive of the speaker and attempt to determine whether the speech was calculated to redress personal grievances or whether it had a broader public purpose"); *see also Munafo v Metro. Transp. Auth.*, 2003 U.S. Dist. LEXIS 13495, at *24 (E.D.N.Y. Jan. 22, 2003, Nos. 98 CV-4572 (ERK), 00-CV-0134) (finding that Plaintiff's reports to record what he perceived to be safety violations is unquestionably a matter of public concern even if his complaints were partially motivated by personal interests).

Here, I raised issues regarding mismanagement of the school during the Covid-19 pandemic, class size coverages which exceeded limits, lack of protocol for the morning arrival of students, health and safety violations, teachers teaching out of license, mismanagement of funds, teachers not being paid accordingly, and IEP noncompliance. (*Compl.* ¶¶19, 28, 29, 31, 34, 35, 37, 44, 45). My complaints were matters of public concern. Safety of teachers and students is a matter of public concern. *Spencer v. City of N.Y.*, 2011 U.S. Dist. LEXIS 160102, at *18 (S.D.N.Y. Mar. 14, 2011) (citing *Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ.*, 444 F.3d 158, 164 (2d Cir. 2006) ("[T]he health, welfare and safety of young students . . . are matters of importance to the public")). In addition, contrary to Defendants' assertion in their papers (Def. Mem. at 11), other

teachers' pay would not affect my ability to properly execute my duties as a physical education teacher. To the contrary, "[t]eachers are, as a class, the members of a community most likely to have informed and definite opinions as to how funds allotted to the operation of the schools should be spent. Accordingly, it is essential that they be able to speak out freely on such questions without fear of retaliatory dismissal." *Pickering v. Bd. of Educ.*, 391 U.S. 563, 572, 88 S. Ct. 1731, 1736 (1968). In addition, courts have found that a plaintiff's union membership satisfies the public concern requirement. *Buckley v. New York*, 959 F. Supp. 2d 282, 298 (E.D.N.Y. 2013) (citing *Donovan v. Inc. Village of Malverne*, 547 F. Supp. 2d 210, 218 (E.D.N.Y. 2008) ("several courts have determined that union membership in and of itself satisfies the public concern requirement.").

Defendants also claim that the fact that "Plaintiff filed union grievances – a procedure to which he has exclusive access as a member of his union" further supports the fact that Plaintiff was speaking as an employee, and not a citizen" (Def. Mem. at 11). However, Courts have found that speech made through an employee grievance can be protected. *See Novak v Bd. of Educ.*, 2007 U.S. Dist. LEXIS 17921, at *13 (N.D.N.Y. Mar. 14, 2007, No. 5:05-CV-199 (FJS/GJD)) (citing *Clue v. Johnson,* 179 F.3d 57, 61 (2d Cir. 1999)); *see also Lynch v Ackley*, 2014 U.S. Dist. LEXIS 134274, at *11-13 (D. Conn. Sep. 24, 2014, No. 3:12-CV-537 (MPS)) (holding that Defendants' reliance on *Weintraub* was misplaced). In *Ross v. Breslin*, 693 F.3d 300, 307 (2d Cir. 2012), the court "emphasize[d]" that the citizen speech inquiry does not turn on whether the speech "was made in the workplace as opposed to elsewhere," and that courts must instead "focus their inquiry on the nature of the speech itself and its relationship to the plaintiff's job responsibilities."; *see also Matthews v. City of New York*, 779 F.3d 167, 169, 173–76 (2d Cir. 2015) (concluding that a police officer's criticism of an arrest quota constituted speech as a citizen, even though the officer merely complained of the policy to his commanding officers). In *Rivera v. N.Y.C. Dep't of Educ.*,

11

No. 21-CV-6134 (ENV) (TAM), 2023 U.S. Dist. LEXIS 18808, at *29 (E.D.N.Y. Feb. 3, 2023), the Court rejected Defendants' argument suggesting that internal complaints never qualify as citizen speech, noting that "the heart of [the] analysis" remains whether the speech '"is itself ordinarily within the scope of [the] employee's duties,'" a question that the Court is unable to decide at this juncture without making factual findings." In *Munafo v. Metro. Transp. Auth.*, 285 F.3d 201, 211 (2d Cir. 2002), Defendants similarly argued that Plaintiff's speech was not protected as a matter of law "because [Plaintiff]'s complaints were no more than internal personnel grievances relating to matters of his own personal interest." The Court rejected this argument, finding that safety in the workplace is a matter of public concern.

In addition, I also posted on social media in Yahoo groups, Facebook groups, and education groups, on Instagram and Twitter on April 12, 19, 27, May 12, June 8, 15, and September 6, 2021 about health and welfare of students, mismanagement of funds, students not receiving their mandated special education, and students not receiving license mathematics instruction. I also spoke up at education committee and council meetings that are public.

In any event, this argument is premature, as a finding that speech may not be protected by the First Amendment is not appropriately made on a motion to dismiss, but is left to be determined at a later stage of the litigation. *Jackson v City of NY*, 2015 U.S. Dist. LEXIS 131720, at *31 (S.D.N.Y. Aug. 13, 2015, No. 14-CV-5755 (GBD) (KNF)); *see also Jackler v. Byrne*, 658 F.3d 225, 235 (2d Cir. 2011).

**B. Plaintiff Has Adequately Pled Adverse Actions Suffered as a Result of his Protected Speech**

An adverse action for the purposes of First Amendment retaliation cases is one that would "deter a similarly situated individual of ordinary firmness from exercising his or her constitutional

rights." *Butts v NY City Dept. of Educ.*, 2018 U.S. Dist. LEXIS 170195, at *21, E.D.N.Y. Sep. 28, 2018, No. 16-CV-5504 (NGG) (RML) (quoting *Wrobel v. Cry, of Erie*, 692 F.3d 22, 31 (2d Cir. 2012)). Such an adverse action may include "harsh measures, such as discharge, refusal to hire, refusal to promote, reduction in pay, and reprimand, as well as some lesser sanctions, such as failure to process a teacher's insurance form, demotion, reassignment to a place that aggravated physical disabilities, and express accusations of lying." *Id.* (quoting *Zelnik v. Fashion Inst, of Tech.*, 464 F.3d 217, 225 (2d Cir. 2006)) "[A] critical mass of minor incidents may support a claim for retaliation." *Id.* "[T]he standard for showing an adverse employment action is lower in the First Amendment retaliation context than it is in other contexts ...". *Rivera Jimenez v. Pierluisi*, 362 F.3d 87, 94 (1st Cir. 2004).

Here, after I made operational complaints or filed grievances, I suffered the following adverse actions: I was reassigned from my duties at the School for more than a year (*Compl.* ¶ 20); I was issued adverse performance ratings and evaluations (*Id.* ¶ 30); I was subjected to a number of frivolous OSI and SCI investigations (*Id.* ¶¶ 23, 30, 32, 33, 38); I received disciplinary summons and letters to my employment file (*Id.* ¶ 32, 41); and I became ineligible for overtime and other per session opportunities (*Id.* ¶¶ 42, 54). As a result, I have lost per session pay and have also suffered damage to my professional career and reputation. A reasonable person in my position might very well have refrained from engaging in any additional protected speech if he or she had experienced the same retaliation as I did. *See Rivers v. N.Y.C. Hous. Auth.*, 176 F. Supp. 3d 229, 252 (E.D.N.Y. 2016) ("[a] deprivation of the opportunity to earn overtime can be an adverse employment action"); *Rivera v. N.Y.C. Dep't of Educ.*, No. 21-CV-6134 (ENV) (TAM), 2023 U.S. Dist. LEXIS 18808, at *31 (E.D.N.Y. Feb. 3, 2023) (finding that Plaintiff's disciplinary letters and administrative reassignment may constitute adverse actions).

13

Additionally, just because I continued to complain about issues does not mean that the actions themselves did not have a chilling effect (Def. Mem. at 13). A reasonable person in my position might very well have refrained from engaging in any additional protected speech if they had experienced the same retaliation as I did. *See Neubecker v State Univ. of NY*, 387 F.Supp 3d 302, 305 (W.D.N.Y. 2019) ("the Court does not find it dispositive that Plaintiff herself was apparently not dissuaded from continuing to make complaints"). Furthermore, as noted in Defendants' papers, I did not become aware of any of the OSI investigations until March 2022 (*Compl.* ¶ 23; Def. Mem. at 13).

## C.  Plaintiff has alleged a causal connection between his speech and adverse actions

A plaintiff may establish causation either directly through a showing of retaliatory animus, or indirectly through a showing that the protected activity was followed closely by the adverse action. *Smith v. Cry, of Suffolk*, 776 F.3d 114, 118 (2d Cir. 2015) (citing *Cobb v. Pozzi*, 363 F.3d 89, 108 (2d Cir. 2004)). With respect to an indirect showing, the Second Circuit has not established a specific delay between the protected activity and adverse employment action that defeats an inference of causation. *Butts v NY City Dept. of Educ.*, 2018 U.S. Dist. LEXIS 170195, at *24 (E.D.N.Y. Sep. 28, 2018, No. 16-CV-5504 (NGG) (RML)) (citing *Burkybile v. Bd. of Educ.*, 411 F.3d 306, 314 (2d Cir. 2005). In one case, a delay of three months was fatal to a showing of causation, *see Hollander v. American Cyanamid Co.*, 895 F.2d 80, 85-86 (2d Cir. 1990); in another case, a delay of eight months supported a showing of causation, *see Grant v. Bethlehem Steel Corp.*, 622 F.2d 43, 45-46 (2d Cir. 1980). *Id.*

I have alleged a pattern of retaliation engaged in by Defendants, beginning after I became very outspoken about mismanagement of the school and health and safety violations during the COVID-19 pandemic, based on the following:

- For instance, I filed an operational complaint in April 2021 regarding the type of instruction Principal Amador required teachers to provide in violation of a UFT-DOE agreement during the Covid-19 pandemic. In retaliation for my complaint, I was subjected to an OSI investigation on May 3, 2021, and I received "Developing" ratings from the school administration on May 14, 2021, and June 29, 2021. *Compl.* ¶¶ 29-30.

- On October 21, 2021, I filed an operational complaint about the lack of protocols and unsafe conditions in the school. Just two days later, on October 26, 2021, AP Audrey Houston made a report to SCI against me, and the matter was referred to OSI on November 24, 2021. AP Houston ultimately gave me a retaliatory disciplinary letter, dated May 25, 2022 about the incident. *Id.* ¶¶ 31-32.

- Between December 2021 and February 2022, I raised concerns about mismanagement of funds. *Id.* ¶¶ 34-37, 45. Shortly thereafter, I was subjected to another OSI investigation on April 12, 2022, and found out on June 13, 2022, that I was not selected to work summer school. *Id.* ¶¶ 38-40, 42.

The temporal proximity between my protected activities and the adverse actions clearly support an inference of causation. Moreover, it is clear that all of the adverse actions I experienced by Defendants occurred *after* I engaged in my protected speech. Taken as a whole–as opposed to viewing the adverse actions discretely–Defendants clearly have engaged in a pattern of retaliatory

behavior after my protected speech. Moreover, the complaint pleaded that Principal Amador made a number of comments demonstrating her anti-union animus. *Compl.* ¶¶ 43, 46-47.

Defendants also argue that "Plaintiff does not allege that Defendants were aware of his grievances before filing any complaints with OSI." (Def. Mem. at 14). However, Principal Amador, AP Houston, and AP Rabinowitz were copied on and/or replied to emails about my operational complaints, and were also present in those union meetings. The operational issues/grievances were first addressed at the school level, and if not resolved, escalated to the superintendent level. Principal Amador, AP Houston and AP Rabinowitz were also copied in communications with the Superintendent's office regarding the issues I raised. Therefore, Defendants were well aware of all my complaints, grievances and meetings. Furthermore, school administrators are automatically notified when a grievance is submitted.

Accordingly, I have adequately pleaded First Amendment claims, and Defendants' motion to dismiss on this point should be denied.

In addition, contrary to Defendants' argument in their memorandum of law that individually named Defendants are entitled to qualified immunity (Def. Mem. at 16-18), the complaint alleged several adverse employment actions by Principal Amador and AP Houston and AP Rabinowitz motivated by my exercise of free speech. In addition, Principal Amador, AP Houston and AP Rabinowitz cannot reasonably contend that they were not on notice that my concerns about students and teachers' health and safety, how funds allotted to the school were spent were, and IEP noncompliance, were not matters of public concern. In retaliation for my complaints, these administrators initiated frivolous OSI investigations against me, disciplinary letters to file, and poor performance reviews, making me ineligible for summer school work and per session opportunities, and altering my seniority status by not listing me on the school roster.

As for my Monell claim, I have in fact established that my First Amendment rights were violated. In addition, the decision of the reassignment from my position was an act of a final policymaker sufficient to create potential liability for the DOE for the alleged retaliation. *See Portelos v. City of N.Y.*, No. 12-CV-3141 (LDH) (VMS), 2016 U.S. Dist. LEXIS 200752, at *23 (E.D.N.Y. Aug. 13, 2016); *see also Giscombe v. N.Y.C. Dep't of Educ.*, 39 F. Supp. 3d 396, 406 (S.D.N.Y. 2014) (finding New York City Department of Education could be liable under *Monell*, in part, because it is "well-settled that the Chancellor of the DOE is a 'policymaker' for purposes of § 1983").

## POINT VI
## PLAINTIFF HAS PLED VALID AGE HOSTILE WORK ENVIRONMENT CLAIMS

For NYSHRL hostile work environment claims accruing after October 19, 2019, New York State law "eliminate[s] the requirement that harassing or discriminatory conduct be severe or pervasive for it to be actionable and . . . adopt[s] instead a more protective standard that prohibits conduct that results in inferior terms, conditions, or privileges of employment." *Id.* (citing *Maiurano v. Cantor Fitzgerald Sec.*, No. 19-CV-10042, 2021 U.S. Dist. LEXIS 3762, 2021 WL 76410, at *3 n.2 (S.D.N.Y. Jan. 8, 2021) (internal quotation marks omitted)); *see also McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d 51, 68 (S.D.N.Y. 2020) (explaining that "the NYSHRL was amended to direct courts to construe the NYSHRL, like the NYCHRL, liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws . . . worded comparably . . . have been so construed" (internal quotation marks omitted)). The NYSHRL makes it unlawful "for any person to aid, abet, incite, compel, or coerce" acts prohibited by the NYSHRL. *See* N.Y. Exec. Law. § 296(6). Courts have held that an "aider and abettor" is generally "a co-worker who actually participates in the conduct giving rise to a discrimination

claim . . . even though that coworker lacked the authority to either hire or fire the plaintiff." *Feingold v. New York*, 366 F.3d 138, 158 (2d Cir. 2004).   Under the NYCHRL a Plaintiff need only demonstrate that he was treated "less well" than other employees because of his protected characteristic. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013).

Here, the Complaint pleads that I was subjected to inferior terms, conditions, or privileges of employment based on my age. Specifically, I was treated less well than Mr. Egzon Gjonbalaj, a younger long-term substitute teacher who often covered physical education classes within the School (*Compl.* ¶ 48). Similarly situated Mr. Gjonbalaj was not given poor disciplinary ratings nor subjected to numerous frivolous investigations alleging misconduct resulting in disciplinary letters to file such as I was. (*Id.* ¶ 50). Mr. Gjonbalaj was also listed as a Physical Education teacher on the school roster, whereas I was not listed on the school roster at all (*Id.* ¶ 51). Clearly, I have articulated sufficient discrimination claims to overcome a motion to dismiss on this basis.

## CONCLUSION

For the foregoing reasons, I respectfully request that the Court deny Defendants' motion to dismiss the Complaint in its entirety, order the case to proceed to discovery on all material factual issues, and grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        March 3, 2023

                                                    By:   s/ Mario Caggiano
                                                          MARIO CAGGIANO
                                                          *Pro Se*
                                                          1384 82nd Street
                                                          Brooklyn, NY 11228
                                                          (917) 854-0698
                                                          mariocag303@yahoo.com