No. 22-cv-03853 (RPK) (TAM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIO CAGGIANO,

                                                Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION; CARMEN AMADOR, Principal of Herbert S. Eisenberg Middle School, in her official and individual capacity; AUDREY HOUSTON, Assistant Principal of Herbert S. Eisenberg Middle School, in her official and individual capacity; EVAN RABINOWITZ Assistant Principal of Herbert S. Eisenberg Middle School, In His official and individual capacity,

                                                Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
  *Attorney for Defendants*
*100 Church Street, Room 2-146*
*New York, New York 10007*

*Of Counsel: Karen K. Rhau*
*Tel.: (212) 356-2475*
*Matter No.: 2022-056196*

Date of Service: April 28, 2023

Danielle M. Dandrige,
Karen K. Rhau,
  Of Counsel.

**TABLE OF CONTENTS**

                                                                             **Page**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT ........................................................................................................................... 2

    POINT I ......................................................................................................................... 2

        PLAINTIFF'S FAILURE TO FILE A NOTICE OF CLAIM IS FATAL TO HIS CLAIMS AGAINST THE BOE ......................................................................................................... 2

    POINT II ........................................................................................................................ 3

        PLAINTIFF'S SHRL AND CHRL CLAIMS ARE STILL TIME BARRED IN PART. ....................................................... 3

    POINT III ....................................................................................................................... 3

        PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANT RABINOWITZ. ............................................... 3

    Point IV ......................................................................................................................... 4

        PLAINTIFF'S FEDERAL CLAIMS FAIL .................................................. 4

            A.    First Amendment Claim Fails ............................................... 4

            B.    Failure To Plead A Municipal Policy Or Practice ........................................................................ 7

            C.    The Individually Named Defendants Are Entitled To Qualified Immunity ........................................................ 8

    Point V .......................................................................................................................... 9

        PLAINTIFF FAILS TO ALLEGE A HOSTILE WORK ENVIRONMENT CLAIM UNDER THE SHRL OR CHRL ...................................................................... 9

CONCLUSION ........................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Belpasso v. City of New York,
   No. 07-CV-3627 (SHS) (DCF), 2008 U.S. Dist. LEXIS 51391 (S.D.N.Y. July
   2, 2008) ...................................................................................................................................3

Bernheim v. N.Y. City Dept. of Educ.,
   No. 19-CV-9723 (VEC) (JLC), 2020 U.S. Dist. LEXIS 120400 (S.D.N.Y.
   July 9, 2020).....................................................................................................................2, 3, 4

Berrie v. Bd. of Educ. of Port Chester-Rye Union Free Sch. Dist.,
   750 F. App'x 41 (2d Cir. 2018).................................................................................................9

Bertuzzi v. Copiague Union Free Sch. Dist.,
   No. CV 17-4256 (SJF) (AKT), 2020 U.S. Dist. LEXIS 43351 (E.D.N.Y Mar.
   9, 2020) ................................................................................................................................3, 4

Clarke v. N.Y. City Dept. of Educ.,
   No. 18-CV-06783 (AMD) (SJB), 2021 U.S. Dist. LEXIS 7136 (E.D.N.Y. Jan.
   13, 2021) ...................................................................................................................................7

Collymore v. New York,
   767 F. App'x 42 (2d Cir. 2019).................................................................................................6

Dubois v Beaury,
   No. 21-2096-cv, 2022 U.S. App. LEXIS 14647 (2d Cir. May 27, 2022)..................................4

Einsohn v. NY City Dept. of Educ.,
   No. 17-CV-1863 (RRM) (RML), 2019 U.S. Dist. LEXIS 167878 (E.D.N.Y.
   Sep. 27, 2019) .......................................................................................................................4, 5

Felton v. Katonah Lewisboro Sch. Dist.,
   No. 08 Civ. 9340, 2009 U.S. Dist. LEXIS 64660 (S.D.N.Y. July 27, 2009) ............................5

Guo v IBM 401(k) Plus Plan,
   95 F. Supp. 3d 512 (S.D.N.Y. 2015).........................................................................................6

Liu v. New York City Police Dep't,
   216 A.D.2d 67 (1st Dep't 1995) ...............................................................................................8

Ndongo v. Bank of China Ltd.,
   No. 22-cv-05896 (RA), 2023 U.S. Dist. LEXIS 31238 (S.D.N.Y. Feb. 24,
   2023) ........................................................................................................................................9

**Cases**                                                     **Pages**

Nnebe v. City of NY,
    No. 22 Civ. 3860 (VEC) (SLC), 2023 U.S. Dist. LEXIS 16480 (S.D.N.Y. Jan. 30, 2023) ...........................................................................................................................8

Patterson v. County of Oneida,
    375 F.3d 206 (2d Cir. 2004)............................................................................................7

Payson v. Bd. of Educ. of Mount Pleasant Cottage Sch.,
    No. 14 Civ. 9696, 2017 U.S. Dist. LEXIS 154296 (S.D.N.Y. Sep. 20, 2017) ...........................5

Smith v. City of NY,
    130 F. Supp (S.D.N.Y. 2015)..........................................................................................5

**Statutes**

42 U.S.C. § 1983................................................................................................................1, 8

Education Law § 3813(2-b) ...................................................................................................3

NYC Admin. Code § 8-107 *et seq.* ...............................................................................1, 3, 9

NYS Executive Law §§ 296, *et seq.* .......................................................................................1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
MARIO CAGGIANO,

                                  Plaintiff,      22-cv-03853 (RPK) (TAM)

              -against-

NEW YORK CITY DEPARTMENT OF EDUCATION; CARMEN AMADOR, AUDREY HOUSTON, EVAN RABINOWITZ

                                  Defendants.
------------------------------------------------------------------- x

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

This is Defendants' Reply Memorandum of Law in Further Support of their Motion to Dismiss Plaintiff's Complaint alleging claims pursuant to 42 U.S.C. § 1983 ("§ 1983"), the New York State Executive Law §§ 296, *et seq.* ("SHRL"); and the New York City Administrative Code §§ 8-107 *et seq.* ("CHRL"). Plaintiff asserts that he was retaliated against for exercising his First Amendment right to speech and that he was subjected to a hostile work environment based on his age. Plaintiff's Memorandum of Law In Opposition to Defendants' Motion to Dismiss ("Pl. Opp."), presents a myriad of arguments that fail to address any of the fatal flaws in his case: (1) Plaintiff's filing of his administrative charge cannot serve as notice to the Defendant Board of Education of the City School District of the City of New York ("BOE") (also known as and sued herein as the "New York City Department of Education"); (2) Plaintiff's administrative charge cannot toll the statute of limitations as it pertains to a school district; (3) Defendant Rabinowitz had no personal involvement in Plaintiff's injuries and all the individual Defendants are entitled to qualified immunity; (4) Plaintiff still fails to sufficiently plead his First Amendment and Monell claims; and (5) Plaintiff's hostile work environment

claims fail because he cannot show that any alleged adverse action occurred because of his age. As such, Defendants request that Plaintiff's Complaint be dismissed in its entirety.

## ARGUMENT

### POINT I

**PLAINTIFF'S FAILURE TO FILE A NOTICE OF CLAIM IS FATAL TO HIS CLAIMS AGAINST THE BOE**

Plaintiff argues that his filing of the charge of discrimination to an administrative agency is sufficient to satisfy the notice of claim requirement. See ECF Dkt. No. 14 at p. 6. In some limited circumstances, a charge may satisfy the notice of claim requirement. See Bernheim v. N.Y. City Dept. of Educ., No. 19-CV-9723 (VEC) (JLC), 2020 U.S. Dist. LEXIS 120400, at *14 (S.D.N.Y. July 9, 2020). But that is not the case here. To satisfy the notice of claim requirement, the administrative charge must "put the school district on notice of the precise claims alleged, [be] served on the governing board of the district (and not a different arm of the district), and [be] served within the statutory time period." Id. at 14-15. The charge should provide notice of the claims to the opposing party, so they can begin an investigation before a court proceeding. Although Plaintiff filed the charge of discrimination with the New York State Division of Human Rights ("SDHR") on June 23, 2022, Defendant BOE did not receive notice from the SDHR of the complaint until September 8, 2022, which was 2 days after the filing of the federal complaint, and only a few days before service of the federal complaint on BOE. See ECF Dkt. No. 1; see also ECF Dkt No. 10-3; see also Official Notice from the SDHR to Defendant BOE Regarding Plaintiff's Administrative Charge annexed as Exhibit B to the Rhau Declaration. The BOE received notice of the charge a few days after they were served with the Complaint—that can in no way serve as sufficient notice for the BOE to investigate any of Plaintiff's claims. Accordingly, since Plaintiff has not filed a notice of claim, and the BOE did

2

not receive notice of the administrative complaint until after the commencement of the instant action, all state and city law claims against Defendant BOE should be dismissed. See Bernheim, 2020 U.S. Dist. LEXIS 120400, at *9 ("[F]ailure to plead compliance with a notice of claim requirement constitutes a defect warranting dismissal of a complaint on the ground that it fails to state a cause of action.") (quoting Belpasso v. City of New York, No. 07-CV-3627 (SHS) (DCF), 2008 U.S. Dist. LEXIS 51391 at *6 (S.D.N.Y. July 2, 2008)).

## POINT II

### PLAINTIFF'S SHRL AND CHRL CLAIMS ARE STILL TIME BARRED IN PART.

Plaintiff argues that the filing of his administrative charge of discrimination tolls his state law claims against Defendant BOE. The Second Circuit, however, has not directly addressed this issue, and prevailing authority in this Circuit has held that an administrative charge will not toll the statute of limitations against school districts and school officers. See Bertuzzi v. Copiague Union Free Sch. Dist., No. CV 17-4256 (SJF) (AKT), 2020 U.S. Dist. LEXIS 43351, at *63 (E.D.N.Y Mar. 9, 2020) (collecting cases). Education Law § 3813(2-b) governs in this case, and so all claims arising from acts prior to September 6, 2021 are time-barred, and should be dismissed. See Bertuzzi, 2020 U.S. Dist. LEXIS 43351 at 62.

## POINT III

### PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANT RABINOWITZ.

Plaintiff's arguments concerning Defendant Rabinowitz are unavailing. Aside from the caption, Defendant Rabinowitz was only mentioned twice in the Complaint. See ECF Dkt. No. 1 at ¶¶ 11, 15. Plaintiff alleged that Defendant Rabinowitz was the Assistant Principal, and, that during some unspecified period, Plaintiff had a strong professional relationship with

3

him.  Id.  This simply cannot be grounds for a lawsuit against Rabinowitz or even what the New York State Legislature and the New York City Council contemplated in terms of personal involvement under the SHRL or CHRL.  The law is clear in this area—"where a complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted."  Bernheim, 2020 U.S. Dist. LEXIS 120400 at 13.  There are no allegations indicating how Defendant Rabinowitz was involved in the investigations initiated against Plaintiff, or how he allegedly violated Plaintiff's rights, and therefore the Complaint should be dismissed against Defendant Rabinowitz.

## POINT IV

## PLAINTIFF'S FEDERAL CLAIMS FAIL

### A.   First Amendment Claim Fails

Plaintiff fails to sufficiently plead a valid First Amendment claim since he cannot show that he engaged in protected First Amendment activity, that he suffered an adverse employment action or that there was a causal connection between the complained of acts and the alleged protected speech.  See Dubois v Beaury, No. 21-2096-cv, 2022 U.S. App. LEXIS 14647, at *5 (2d Cir. May 27, 2022).  Further, Plaintiff also fails to sufficiently plead municipal liability.  In addition,  the individual defendants are  entitled to qualified immunity in this action  .

First, Plaintiff's First Amendment claim fails because his speech is not protected.  To determine whether a public employee was speaking as a citizen on a matter of public concern or whether the employee was acting pursuant to their official job duties, courts look to certain factors, including "nature of the plaintiff's job responsibilities, the nature of the speech, and the relationship between the two."  Einsohn v. NY City Dept. of Educ., No. 17-CV-1863 (RRM) (RML), 2019 U.S. Dist. LEXIS 167878, at *14 (E.D.N.Y. Sep. 27, 2019).  "Speech is not

4

protected if it 'owes its existence' to the plaintiff's role as an employee, or it is 'part-and-parcel of his concerns about his ability to properly execute his duties.'" Id. at 13-14. And contrary to Plaintiff's contentions that "union membership satisfies the public concern requirement," the Second Circuit has clarified that not all activities affiliated with the union raise a matter of public concern. See Payson v Bd. of Educ. of Mount Pleasant Cottage Sch., No. 14 Civ. 9696, 2017 US Dist. LEXIS 154296, at 851 (S.D.N.Y. Sep. 20, 2017).

The duties of a teacher necessarily include health, safety, educational protocols of students, class sizes, IEP compliance, which are all at the core of a teacher's responsibilities, and therefore pursuant to their official duties. See Felton v. Katonah Lewisboro Sch. Dist., No. 08 Civ. 9340, 2009 U.S. Dist. LEXIS 64660, at *13 (S.D.N.Y. July 27, 2009) ("[E]nsuring that a classroom is well supplied, safe, and conducive to learning and that the curriculum is substantively appropriate are quintessentially those of a teacher and teacher's aide."). Here, Plaintiff's complaints regarding class size coverage, lack of protocol for the morning arrival of students, health and safety violations, and IEP noncompliance are all "part and parcel" of Plaintiff's ability to execute his duties as a tenured teacher with the BOE. Plaintiff has responsibility in ensuring children are safe, are taught according to their grade level, and are in appropriate class sizes conducive to their learning. See Einsohn, 2019 U.S. Dist. LEXIS 167878, at *14. Additionally, Plaintiff's concerns about mismanagement of funds and teachers not being paid accordingly, are matters of personal interest and not of public concern. See Smith v. City of NY, 130 F. Supp, 3d 819, 832 (S.D.N.Y. 2015); see also Plaintiff's Opp. at p. 10.

Plaintiff, for the first time, asserts in his opposition that he also posted his speech on social media, which he argues is in further support that his speech is protected. See ECF Dkt. No. 14 at p. 12. However, "[a] complaint cannot be amended merely by raising new facts and

5

theories in [a plaintiff's] opposition papers." Guo v IBM 401(k) Plus Plan, 95 F. Supp. 3d 512, 526 (S.D.N.Y. 2015). Consequently, Plaintiff's new facts regarding his posts on social media should not be considered by this Court.

Plaintiff's First Amendment Claim also fails because he has not suffered an adverse employment action. Many of Plaintiff's allegations of retaliatory conduct are conclusory and nothing more than "de minimus." Collymore v. New York, 767 F. App'x 42, 47 (2d Cir. 2019). Plaintiff argues that the adverse performance ratings evaluations, the OSI and SCI investigations, disciplinary summons and letters to file and becoming ineligible for overtime and other per session opportunities were adverse employment actions. See ECF Dkt. No. 14 at p. 13. However, at Plaintiff's complaints in the aggregate, he has not suffered an adverse employment action. The first alleged adverse employment action, occurred December 4, 2021 in which he was reassigned from his duties at Herbert S. Eisenberg Middle School. Plaintiff has not alleged any negative consequences associated with this reassignment. Plaintiff has not alleged that he was demoted, received less pay, or any other negative consequence. And although an adverse employment action within the context of a retaliation claim does not have to change the conditions of one's employment, Plaintiff has failed to allege consequences whatsoever associated with the reassignment that would "dissuade someone from engaging in protected speech." Further, Plaintiff claims he suffered damage to his professional career and reputation, but no allegations in his complaint illustrate this alleged damage. Like the reassignment, Plaintiff suffered no consequences with the six other OSI cases. See ECF Dkt. No. 1 at ¶ 24. Therefore, Plaintiff has "failed to state a plausible claim that 'a person of ordinary firmness" would be deterred from exercising [his] free speech rights." Collymore, 767 F App'x at 47.

Plaintiff also cannot demonstrate a causal connection between his speech and adverse employment actions. "A plaintiff may establish causation either directly through a showing of retaliatory animus, or indirectly through a showing that the protected activity was followed closely by the adverse action." See Clarke v. N.Y. City Dept. of Educ., No. 18-CV-06783 (AMD) (SJB), 2021 U.S. Dist. LEXIS 7136, at *21 (E.D.N.Y. Jan. 13, 2021). Plaintiff argues that he has pleaded an indirect showing of causation based on allegations of a few instances of alleged retaliatory conduct that occurred shortly after making certain complaints. However, what Plaintiff neglects to point out is the fact that it was not until two years after his so-called protected speech that complained of conduct commenced. For example, Plaintiff alleges that he became outspoken as a union leader beginning in 2019 and continued until 2022. See ECF Dkt. No. 1 at ¶ 19. However, the reassignment did not occur until December 4, 2021—approximately two years after the commencement of his activities as a union member. In other words, for at least two years, Plaintiff had been working at the school and served as a chapter leader, without incident. In fact, all of the alleged retaliatory acts commenced in 2021, two years after Plaintiff became outspoken as chapter leader. Plaintiff cannot establish causation because "[t]he time period between the protected activity and the adverse action must be 'very close' to support a retaliation claim. See Clarke, 2021 U.S. Dist. LEXIS 7136, at *21-22. Two years between the alleged adverse employment action and Plaintiff's protected activities can hardly be deemed "very close."

B. **Failure To Plead A Municipal Policy Or Practice**

To the extent Plaintiff is asserting a Monell claim it fails because he cannot show the alleged adverse actions were made pursuant to a policy. See Patterson v. County of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Plaintiff's opposition asserts in a conclusory manner that his reassignment from his position was an act of a final policymaker sufficient in an effort to create

7

potential liability for retaliation.  See Pl. Opp. at p. 17.  However, Plaintiff still fails to provide any facts in his opposition that show the acts about which he complains were performed pursuant to a municipal policy or custom.  Plaintiff argues that the decision of the reassignment was an act of a final policymaker, but does not address the other allegations he makes, such as the OSI investigations initiated against him, his receipt of a disciplinary letter and his alleged poor rating of "Developing."  See ECF Dkt. No. 1 at ¶¶ 30, 32, 38, 39,43.  Plaintiff's failure to allege that any of the complained acts were made pursuant to a municipal policy is fatal to his claim, and therefore Plaintiff's § 1983 claim should be dismissed.  See Nnebe v. City of NY, No. 22 Civ. 3860 (VEC) (SLC), 2023 U.S. Dist. LEXIS 16480, at *52 (S.D.N.Y. Jan. 30, 2023).

**C.    The Individually Named Defendants Are Entitled To Qualified Immunity**

As argued in Defendants' opening memorandum of law, and contrary to Plaintiff's argument in opposition, Defendants are entitled to qualified immunity under Section 1983 because the actions of Defendants did not violate any constitutional right and cannot give rise to any liability.  See Liu v. New York City Police Dep't, 216 A.D.2d 67, 68 (1st Dep't 1995).  In opposition, Plaintiff simply contends that the individually named defendants are not entitled to qualified immunity because they engaged in adverse employment actions that were motivated by his exercise of free speech.  See ECF Dkt. No. 14 at p. 16.  Plaintiff advances no other arguments in his oppositions papers, other than what was already stated in his Complaint to support his claim that the Defendants are not entitled to qualified immunity.  As demonstrated above, Plaintiff's speech was not on a matter of public concern and otherwise not causally connected to his alleged adverse employment actions.  Given that Defendants Amadour, Houston, and Rabinowitz, did not violate Plaintiff's constitutional rights, they are entitled to qualified immunity

# POINT V

## PLAINTIFF FAILS TO ALLEGE A HOSTILE WORK ENVIRONMENT CLAIM UNDER THE SHRL OR CHRL

Plaintiff argues that he was subjected to inferior terms, conditions, or privileges of employment based on his age, specifically because he was treated less well than Mr. Egzon Gjonbalaj. See ECF Dkt. No. 14 at p. 18. In support of his claim, Plaintiff merely restates what was alleged in his complaint—namely that Mr. Gjonbalaj was not given poor disciplinary ratings, he was not subject to investigations alleging misconduct, and that he was listed as a Physical Education teacher on the school roster. See ECF Dkt. No. 14 at p. 18. Nothing from those facts even minimally suggest that Plaintiff was subjected to a hostile work environment because of his age. See Ndongo v. Bank of China Ltd., No. 22-cv-05896 (RA), 2023 U.S. Dist. LEXIS 31238, at *24 (S.D.N.Y. Feb. 24, 2023). Not only does Plaintiff fail to identify the age of Mr. Gjonbalaj, but Plaintiff also fails to elaborate on whether Ms. Gjonbalaj engaged in some of the same conduct as Plaintiff that would have warranted poor disciplinary ratings or investigations. Plaintiff has not alleged that teachers within his protected class were treated in the way that he was or, that teachers outside of his protected class engaged in the same conduct as Plaintiff, i.e., sleeping during after-school time dedicated to parent engagement, but were not reported to the Office of Special Investigation. See ECF Dkt No. 1 at ¶ 32. In sum, Plaintiff has failed to sufficiently plead that he was subjected to an inferior term, condition, or privilege of employment because of his age. See Berrie v. Bd. of Educ. of Port Chester-Rye Union Free Sch. Dist., 750 F. App'x 41, 47 (2d Cir. 2018) ("Although 'facially neutral incidents may be included' in evaluating [a hostile work environment claim,] there must be 'some circumstantial or other basis for inferring that incidents race-neutral on their face were in fact discriminatory.").

Similar to his hostile work environment claim under the SHRL, Plaintiff's claim fails under the CHRL rubric because Plaintiff fails to provide sufficient facts to show that Plaintiff was treated differently from Mr. Gjonbalaj based on his age. Consequently, Plaintiff's hostile work environment claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to dismiss the Complaint, together with such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        April 28, 2023

                HON. SYLVIA O. HINDS-RADIX
                Corporation Counsel of the
                  City of New York
                Attorney for Defendants
                100 Church Street, Room 2-146
                New York, New York 10007
                (212) 356-2475
                krhau@law.nyc.gov

            By:   *Karen K. Rhau*
                  Karen K. Rhau
                Assistant Corporation Counsel

Danielle M. Dandrige,
Karen K. Rhau
   Of Counsel.